IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**SAYER BROTHERS, INC.,**

Plaintiff,

v.

Civil Action No. 19-C-1239
Honorable Bloom

**COLONY INSURANCE COMPANY,**
a foreign corporation, and
**BRIAN FARRELLY,**

Defendants.

## COMPLAINT

COMES NOW the Plaintiff Sayer brothers, inc. ("Sayer"), by counsel, which for its Complaint against Defendant Colony Insurance Company ("Defendant Colony") and Defendant Brian Farrelly ("Defendant Farrelly"), states as follows:

### Parties

1.  Plaintiff Sayer is a West Virginia corporation, with its primary place of business located in Charleston, Kanawha County, West Virginia.

2.  Plaintiff Sayer was, at all times relevant hereto, the owner of a masonry commercial building, located at 100 Stratton Street, Logan, West Virginia (hereinafter "the Sayer Building").

3.  Defendant Colony is a foreign corporation, doing business in Charleston, Kanawha County, West Virginia.

4.  Upon information and belief, Defendant Farrelly was employed at all relevant times by Defendant Colony as a claims adjuster.

33065/89


EXHIBIT A

## Factual Background

5.     On or about April 26, 2019, a large portion of the western brick wall of the Sayer Building collapsed as a direct and proximate result of wind pressure upon the sides of the building, which occurred during a period of high winds in the Logan, West Virginia area.

6.     As a direct and proximate result of the collapse of a large portion of the western brick wall of the Sayer Building, the building sustained severe damage, including water intrusion, cracked interior and exterior walls and other cosmetic and structural damage, such that the building was determined to be a total loss and had to be demolished.

7.     At all times relevant hereto, the Sayer Building was insured under an insurance policy issued by Defendant Colony, identified as Policy No. 101 PKG 0110554-00 ("the Colony Policy"), with effective dates of November 1, 2018 through November 1, 2019.

8.     The "Property Coverage Part Declarations" of Colony Policy No. 101 PKG 0110554-00 provided Property Coverage Limits in the amount of $300,000 for the Sayer Building.

9.     Plaintiff Sayer paid all policy premiums to Defendant Colony, and otherwise complied with all of the terms and conditions of the Colony Policy.

10.    Plaintiff Sayer submitted a timely claim for insurance benefits under the Colony Policy in connection with the collapse and total loss of the Sayer Building.

11. Pursuant to the terms of the Colony Policy, Defendant Colony was obligated to pay for the loss of the Sayer Building, up to the Property coverage limits of Colony Policy No. 101 PKG 0110554-00.

12. Upon information and belief, Defendant Colony identified the Plaintiff Sayer's claim as Claim No. P-099-1017828 and assigned the claim to its employee, Defendant Farrelly, for handling.

13. As part of Defendant Colony's investigation of the Plaintiff Sayer's claim, Defendant Colony and/or Defendant Farrelly retained Patrick Fecke, an engineer with the firm of Madsen Kneppers & Associates, to inspect the Sayer Building and to determine the cause of the collapse.

14. In his report dated May 17, 2019, which was directed to Defendant Farrelly, Mr. Fecke expressly indicated that the collapse of the Sayer Building on April 26, 2019 occurred as a result of "the brick masonry wall being acted upon by the wind."

15. Mr. Fecke's report further indicated that weather data from an airport in the area indicated wind gusts of up to 37 mph, and provided documentation of the weather conditions from the National Oceanic & Atmospheric Administration.

16. Despite having received Mr. Fecke's report, and with the knowledge that the collapse of the Sayer Building occurred as a result of "the brick masonry wall being acted upon by the wind," Defendant Colony and Defendant Farrelly sent a letter to Plaintiff Sayer on May 21, 2019, denying the Plaintiff Sayer's claim and indicating that no coverage was provided under Colony Policy No. 101 PKG 0110554-00 because "our investigation revealed the partial collapse of the roof and side of the building was caused by wear and

tear, deterioration and lack of maintenance to the building, which are not perils listed on the insurance policy."

17. In denying the Plaintiff Sayer's claim, Defendant Colony and Farrelly concealed the fact that the Colony Policy expressly provides, under the section titled "CAUSES OF LOSS - BASIC FORM," that "Covered Causes of Loss" include "Windstorm or Hail."

18. Because the Defendants' own retained expert indicated that the collapse at the Sayer Building was caused by high winds acting upon the wall, the Colony Policy clearly provides coverage for the subject collapse since it was caused by the actions of a "windstorm" and was not otherwise excluded from coverage.

19. In denying the Plaintiff Sayer's claim, Defendant Colony and Defendant Farrelly misrepresented the terms and conditions of the Colony Policy and misrepresented that the cause of the collapse of the Sayer Building was not a covered cause of loss under the Colony Policy.

20. Defendant Colony and Defendant Farrelly denied the Plaintiff Sayer's claim even though they had actual knowledge that the damages to the Sayer Building were caused by a covered cause of loss under the section entitled "CAUSES OF LOSS - BASIC FORM" of the Colony Policy.

21. Despite actual knowledge that the damages to the Sayer Building were caused by a covered cause of loss under the section entitled "CAUSES OF LOSS - BASIC FORM" of the Colony Policy, Defendant Colony and Defendant Farrelly have continued to deny coverage for the damages to the Sayer Building, which has left the Plaintiff Sayer no choice but to file this action.

### Count I - Breach of Contract (Colony)

22. Plaintiff Sayer hereby incorporates each and every allegation contained within Paragraphs 1 through 21 of this Complaint, as part of Count I of this Complaint.

22. Defendant Colony's wrongful refusal to pay for the damages to the Sayer Building constitutes a breach of the terms of Defendant Colony's insurance contract with Sayer inasmuch as said damages were caused by a covered cause of loss and the insurance contract requires Defendant Colony to pay for such damages.

23. As a direct and proximate result of Defendant Colony's breach of its duties under the Colony Policy, Plaintiff Sayer has sustained damages, including the loss of the insurance proceeds to which it is entitled, the cost of demolishing the damaged property for which coverage should have been afforded by Defendant Colony, pre-judgment interest, attorney's fees, litigation expenses associated with pursuing this civil action, and other economic and non-economic damages proximately resulting from Defendant Colony's conduct.

### Count II- Common-law "Bad Faith"/ Breach of Fiduciary Duty (Colony)

24. Plaintiff Sayer hereby incorporates each and every allegation contained within Paragraphs 1 through 23 of this Complaint, as part of Count II of this Complaint.

25. Through its actions and its wrongful refusal to pay for the damage to the Sayer Building as outlined herein above, Defendant Colony breached its common-law duty of good faith and fair dealing to Plaintiff Sayer, such that its conduct amounts to "common-law bad faith."

26. Through its actions and its wrongful refusal to pay for the damage to the Sayer Building as outlined herein above, Defendant Colony breached its common law duty

33065/89            5

of good faith and its fiduciary duty in denying benefits to Plaintiff Sayer in the following particulars:

   a) By failing to conduct an adequate, through investigation to determine whether and what applicable policy benefits were due and owing and by further ignoring the report of its own expert engineer with respect to the cause of the collapse;

   b) By refusing to pay applicable policy benefits without a reasonable factual or legal basis to support its denial; and

   c) By favoring its own interests in over the interests of its insured.

27. As a direct and proximate result of Defendant Colony's "bad faith" and its breach of its fiduciary duties and its common law duty of good faith and fair dealing, Plaintiff Sayer is entitled to recover from Defendant Colony its economic and non-economic damages, including attorneys fees and the costs it has incurred and will incur as a result of Defendant Colony's conduct.

### Count III - Unfair Trade Practices (Colony and Farrelly)

28. Plaintiff hereby incorporates each and every allegation contained within Paragraphs 1 through 27 of this Complaint, as part of Count III of this Complaint.

29. Defendant Colony and Defendant Farrelly had adequate notice of the subject claim and had adequate time to investigate any insurance coverage and/or liability issues and were not in any way prejudiced by the timeliness or lack of timeliness of notification of the claim.

30. At all times relevant herein, Defendant Colony and Defendant Farrelly delayed payment of the claims of Plaintiff Sayer, and failed to conduct a prompt and reasonable investigation based upon all available information, thereby violating applicable consumer protection statutes, including *W. Va. Code §33-11-4(9)(d)*. In particular,

Defendant Colony and Defendant Farrelly refused to take into account the findings set forth in the May 17, 2019 Fecke Report regarding the damage to the Sayer Building, refused to follow-up or conduct any additional investigation, and denied coverage without conducting any further investigation.

31. At all times relevant herein, Defendant Colony failed to adopt and/or implement reasonable standards for the prompt investigation of the claims of Plaintiff Sayer, and this constitutes a direct violation of applicable consumer protection statutes, including **W. Va. Code §33-11-4(9)(c)**. In particular, Defendant Colony failed to adopt or implement standards that would have required Defendant Colony and Defendant Farrelly to take into account the findings set forth in the Fecke Report and conduct necessary follow-up investigation.

32. At all times relevant herein, Defendant Colony and Defendant Farrelly refused to acknowledge and act reasonably promptly upon communications with respect to the claims of the Plaintiff Sayer, thereby violating applicable consumer protection statutes, including **W. Va. Code §33-11-4(9)(b)**. In particular, Defendant Colony and Defendant Farrelly failed to provide a timely and proper response to Plaintiff Sayer's communications regarding the damage to the Sayer Building, failed to act promptly in response the receipt of the Fecke Report, failed to properly investigate Plaintiff Sayer's communications regarding the cause of the collapse and failed to promptly recognize that based upon the findings of Defendant Colony's own expert, coverage existed under the policy language quoted in its denial letter.

33. At all times relevant herein, Defendant Colony and Defendant Farrelly have not attempted in good faith to effectuate a prompt, fair, and equitable settlement of the

33065/89 7

claims of Sayer, despite the fact that Defendant Colony's liability was reasonably clear, thereby violating applicable consumer protection statutes, including *W. Va. Code §33-11-4(9)(f)*. In particular, Defendant Colony and Defendant Farrelly failed to act promptly in response the receipt of the Fecke Report and failed to acknowledge that, based upon the findings of Defendant Colony's own expert, coverage existed under the policy language quoted in its denial letter.

34. At all times relevant herein, Defendant Colony and Defendant Farrelly misrepresented and/or concealed pertinent facts concerning the insurance claims of Plaintiff Sayer, thereby violating applicable consumer protection statutes, including *W. Va. Code §33-11-4(9)(a)*. In particular, Defendant Colony and Defendant Farrelly misrepresented the findings of Defendant Colony's own expert and misrepresented the fact that coverage exists under the policy language quoted in its denial letter and instead falsely represented in the May 21, 2019 denial letter that no coverage was provided under Colony Policy No. 101 PKG 0110554-00 because "our investigation revealed the partial collapse of the roof and side of the building was caused by wear and tear, deterioration and lack of maintenance to the building, which are not perils listed on the insurance policy."

35. Defendant Colony and Defendant Farrelly compelled Sayer to retain counsel and institute litigation in order to recover amounts due under its applicable insurance policy with Defendant Colony, thereby violating applicable consumer protection statutes, including *W. Va. Code §33-11-4(9)(g)*. In particular, the Defendants denied coverage on May 21, 2019, and have continued to refuse to pay for the covered damages to the Sayer Building.

36. Defendant Colony and Defendant Farrelly's conduct, as described hereinabove, is part of said Defendants' general business practice as opposed to an

33065/89 8

isolated event and constitutes unfair claims settlement practices under applicable consumer protection statutes. Specifically, as outlined above, Defendant Colony and Defendant Farrelly violated multiple provisions of the Unfair Trade Practices Act during the handling of the subject claim such that it is evident that said violations represent their general business practice as opposed to an isolated event. In addition, the Plaintiff Sayer anticipates that additional evidence of Defendant Colony and Defendant Farrelly's general business practices can be obtained from other persons or entities that have had dealings with them through discovery.

37. As a direct and proximate result of Defendant Colony and Defendant Farrelly's violations of applicable consumer protection statutes, Plaintiff Sayer has suffered annoyance, inconvenience, and aggravation and has been forced to incur attorneys fees and costs associated with pursuing its claims and the present action in order to recover the insurance proceeds owed to it by Defendant Colony.

38. Following receipt of notification of the claims of Plaintiff Sayer, Defendant Colony and Defendant Farrelly acted maliciously and intentionally, determined to delay and deny payment of the claims, in violation of applicable consumer protection statutes. In particular, the Defendants ignored the findings of their own expert, set forth in the Fecke Report, and denied coverage even though they knew there was no reasonable basis for doing so under the policy language quoted in their May 21, 2019 denial letter.

39. At all times relevant herein, Defendant Colony and Defendant Farrelly have acted with the deliberate, wilful and malicious intent to injure and damage Plaintiff Sayer, in violation of applicable consumer protection statutes, all of which has proximately caused

continuing economic and non-economic damages to Plaintiff Sayer, and which warrants and commands an award of punitive damages.

40. This Court has jurisdiction over this action against Defendant Colony and Defendant Farrelly for their violation of West Virginia's consumer protection statutes, and Plaintiff Sayer is entitled to an award of damages for its legal fees and costs, net economic loses, and punitive damages pursuant to said cause of action.

### Count IV - Punitive Damages

41. Plaintiff Sayer hereby incorporates each and every allegation contained within Paragraphs 1 through 40 of this Complaint, as part of Count IV of this Complaint.

42. From their initial notification of the subject claims, Defendant Colony and Defendant Farrelly acted wilfully, intentionally and/or maliciously, predetermined to delay and deny payment of applicable benefits due and owing to Sayer. In particular, the Defendants ignored the findings of their own expert, set forth in the Fecke Report, and denied coverage even though they knew there was no reasonable basis for doing so under the policy language quoted in their denial letter.

43. At all times relevant herein, Defendant Colony and Defendant Farrelly acted with the deliberate and malicious intent to injure and damage Plaintiff Sayer, in violation of Defendant Colony's duties and obligations under the Colony Policy and the Defendants' duties under the Unfair Trade Practices Act, as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff Sayer, and all of which warrants and commands an award of punitive damages against Defendant Colony and Defendant Farrelly.

**WHEREFORE**, the Plaintiff Sayer demands judgment against the Defendants as follows:

a) Compensatory damages from Defendant Colony for the insurance benefits owed to Plaintiff under the Colony Policy for the damages to and loss of the Sayer Building;

b) Compensatory damages in an amount in excess of this Court's jurisdictional limits, as proven by the evidence at trial, in connection with the attorneys fees and costs and net economic losses of the Plaintiff Sayer, sustained as a result of the actions of Defendant Colony and Defendant Farrelly;

c) Pre-judgment and post-judgment interest, costs and attorney's fees; and

d) Punitive damages against Defendant Colony and Defendant Farrelly in an amount to be determined by the Jury.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THIS COMPLAINT.**

**SAYER BROTHERS, INC.**

**By counsel**

*/s/ Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6066)
**Kesner & Kesner, PLLC**
P. O. Box 2587
Charleston, WV 25329

and

Robert V. Berthold, Jr. (WVSB #326)
Robert V. Berthold, III (WVSB #11065)
Berthold Law Firm, PLLC
208 Capitol Street
P. O. Box 3508
Charleston, WV 25335
*Counsel for Plaintiff*